IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:14-cv-00150 |
| v. | § § | JURY DEMANDED |
| QUANTUM CORPORATION, | § § | |
| Defendant. | § | |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.     Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.     Upon information and belief, Defendant Quantum Corporation ("Defendant" or "Quantum") is a California corporation with a principal place of business of 224 Airport Parkway, Suite 300, San Jose, California 95110.

**JURISDICTION AND VENUE**

3.     This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant Quantum has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

1

5. This Court has personal jurisdiction over Quantum. Upon information and belief, Quantum regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court. Upon information and belief, Quantum has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, including, but not limited to, products that practice the subject matter claimed in United States Patent Nos. 6,425,035 ("the '035 Patent") and 7,934,041 ("the '041 Patent") (collectively "the Patents-In-Suit"), and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

6. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

7. On July 23, 2002, the '035 Patent was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

8. On information and belief, Defendant has directly infringed the '035 Patent. On information and belief, Defendant continues to directly infringe the '035 Patent.

9. Specifically, on information and belief, Defendant has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the following: Quantum's StorNext QX-Series Storage Arrays (including but not limited to the QX-2400 and QX-1200) (hereinafter "the Accused Products").

10. Further, on information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement of the '035 Patent with knowledge of the '035 Patent

by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Accused Products, and Defendant knew that its actions were inducing end users to infringe the '035 Patent.

11.   Further, on information and belief, Defendant has been and now is indirectly infringing by way of contributing to the infringement by end users of the '035 Patent by selling, offering to sell and/or importing into the United States components, including the Accused Products, knowing the components to be especially made or especially adapted for use in the infringement of the '035 Patent.  Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

12.   Defendant has been on constructive and/or actual notice of the '035 Patent since at least as early as November 2005, and Defendant has not ceased its infringing activities.  The infringement of the '035 Patent by Defendant has been and continues to be willful and deliberate.

13.   Crossroads has been irreparably harmed by Defendant's acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

14.   As a result of the acts of infringement of the '035 Patent by Defendant, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,934,041

15.   Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

16.   On April 26, 2011, the '041 Patent was duly and legally issued.  A true and correct copy of the '041 Patent is attached hereto as Exhibit B.  Crossroads is the assignee and

the owner of all right, title, and interest in and to the '041 Patent. The '041 Patent is entitled to a presumption of validity.

17. On information and belief, Defendant has directly infringed the '041 Patent. On information and belief, Defendant continues to directly infringe the '041 Patent.

18. Specifically, on information and belief, Defendant has directly infringed the '041 Patent by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the Accused Products.

19. Further, upon information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement of the '041 Patent with knowledge of the '041 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Accused Products, and Defendant knew that its actions were inducing end users to infringe the '041 Patent.

20. Further, upon information and belief, Defendant has been and now is indirectly infringing by way of contributing to the infringement by end users of the '041 Patent by selling, offering to sell and/or importing into the United States components, including the Accused Products, knowing the components to be especially made or especially adapted for use in the infringement of the '041 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

21. Defendant has been on constructive and/or actual notice of the '041 Patent since at least as early as September 2011, and Defendant has not ceased its infringing activities. The infringement of the '041 Patent by Defendant has been and continues to be willful and deliberate.

22. Crossroads has been irreparably harmed by Defendant's acts of infringement of the '041 Patent, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

23. As a result of the acts of infringement of the '041 Patent by Defendant, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That Defendant has infringed the '035 Patent;

B. That such infringement of the '035 Patent by Defendant has been willful;

C. That Defendant accounts for and pays to Crossroads all damages caused by the infringement of the '035 Patent;

D. That Crossroads receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '035 Patent;

E. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '035 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F. That Defendant has infringed the '041 Patent;

G. That such infringement of the '041 Patent by Defendant has been willful;

H. That Defendant accounts for and pays to Crossroads all damages caused by the infringement of the '041 Patent;

I. That Crossroads receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '041 Patent;

J. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '041 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That Defendant pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

L. That costs be awarded to Crossroads;

M. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminary and permanently enjoined from further infringement of the '035 Patent;

N. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminary and permanently enjoined from further infringement of the '041 Patent;

O. That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Crossroads hereby demands a trial by jury on all issues.

Dated:  February 18, 2014                             Respectfully submitted,


                                                                 By:  */s/ Susan K. Knoll*
                                                                    Steven Sprinkle
                                                                    Texas Bar No. 00794962
                                                                    Elizabeth J. Brown Fore
                                                                    Texas Bar No. 24001795
                                                                   Sprinkle IP Law Group, PC
                                                                    1301 W. 25th Street, Suite 408
                                                                    Austin, Texas 78705
                                                                    Tel: 512-637-9220
                                                                    Fax: 512-371-9088
                                                                    ssprinkle@sprinklelaw.com
                                                                    ebrownfore@sprinklelaw.com

                                                                  Susan K. Knoll
                                                                    Texas Bar No. 11616900
                                                                    Russell T. Wong
                                                                    Texas Bar No. 21884235
                                                                   James H. Hall
                                                                    Texas Bar No. 24041040
                                                                   Stephen D. Zinda
                                                                   Texas Bar No. 24084147
                                                                   WONG, CABELLO, LUTSCH,
                                                                   RUTHERFORD & BRUCCULERI, L.L.P.
                                                                   20333 SH 249, Suite 600
                                                                   Houston, TX  77070
                                                                   Tel: 832-446-2400
                                                                   Fax: 832-446-2424
                                                                   sknoll@counselip.com
                                                                   rwong@counselip.com
                                                                   jhall@counselip.com
                                                                   szinda@counselip.com

                                                                  *ATTORNEYS FOR PLAINTIFF*
                                                                  *CROSSROADS SYSTEMS, INC.*